O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

LINDA GOODWIN,           )     Case No. CV 11-10586-MLG
                     )
         Plaintiff,    )     MEMORANDUM OPINION AND ORDER
                     )
        v.           )
                     )
MICHAEL J. ASTRUE,     )
Commissioner of Social    )
Security,            )
                     )
         Defendant.    )
_____)

    Plaintiff Linda Goodwin seeks judicial review of the Social Security Commissioner's denial of her application for Supplemental Security Income ("SSI") benefits under the Social Security Act. For the reasons set forth below, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings consistent with this opinion.

**I. Factual and Procedural History**

    Plaintiff was born on May 26, 1951 and was 59 years old at the time of the administrative hearing. (Administrative Record ("AR") at 49.) She

completed the 11th grade and has work experience as a baby sitter and as a cook in a day care center. (AR at 118, 122.) Plaintiff filed an application for SSI benefits on June 18, 2009, alleging that she had been disabled since January 1, 2009, due to back, hand and leg pain, arthritis, migraines, hepatitis C and hypertension. (AR at 49.) Plaintiff's application was denied initially on January 29, 2010. (AR at 50-54.)

An administrative hearing was held on February 8, 2011 before Administrative Law Judge ("ALJ") Marilyn Mann Faulkner. (AR at 22-43.) ALJ Faulkner issued an unfavorable decision on April 29, 2011. (AR at 12-16.) The ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant time period. (AR at 14.) The ALJ concluded at step 2 of the sequential evaluation process that there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment due to a lack of medical records. (AR at 14-15.) Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (AR at 16.)

Subsequent to the ALJ's decision, Plaintiff submitted medical records from Martin Luther King Jr. Multi-Service Ambulatory Care Center to the Appeals Council. (AR at 159-184.) On October 20, 2011, the Appeals Council denied review (AR at 1-6), and Plaintiff timely commenced this action for judicial review. On July 6, 2012, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues, including the following claims of error: (1) the Appeals Council failed to properly review and evaluate the additional submitted medical evidence to establish the severity of Plaintiff's impairment at step 2 of the sequential evaluation; (2) Plaintiff has established that she has

2

a severe impairment(s) based upon the additional medical records; (3) the ALJ failed to properly consider the Medical-Vocational Guidelines; (4) the ALJ failed to provide proper notice to Plaintiff to attend the consultative examination; (5) the ALJ failed to fully and fairly develop the record; and (6) the ALJ failed to make proper credibility findings. (Joint Stip. at 2-3.) Plaintiff asks the Court to reverse and award benefits, or in the alternative, remand for further administrative proceedings. (Joint Stip. at 28.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stip. at 29.)

After reviewing the parties' arguments and the record as a whole, the Court agrees with Plaintiff's contention that in light of the medical records submitted to the Appeals Council, the finding that Plaintiff does not suffer from a "severe" impairment within the meaning of the Social Security Act is not supported by substantial evidence. Accordingly, this matter is remanded for further proceedings consistent with this opinion.[1]


## II.   Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Social Security Commissioner's decision to deny benefits. The Court must uphold the Social Security Administration's disability determination unless it is not supported by substantial evidence or is based on legal error. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)(citing *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir.

---

[1]   The Court does not reach the remaining claims of error and will not decide whether these issues would independently warrant relief. Upon remand, the ALJ may wish to consider the other issues raised by Plaintiff.

3

1   2006)). Substantial evidence means more than a scintilla, but less than
2   a preponderance; it is evidence that "a reasonable person might accept
3   as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d
4   1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d
5   880, 882 (9th Cir. 2006)). To determine whether substantial evidence
6   supports a finding, the reviewing court "must review the administrative
7   record as a whole, weighing both the evidence that supports and the
8   evidence that detracts from the Commissioner's conclusion." *Reddick v.*
9   *Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support
10  either affirming or reversing the ALJ's conclusion," the reviewing court
11  "may not substitute [its] judgment for that of the ALJ." *Robbins*, 466
12  F.3d at 882.

13

14  **III. Discussion**

15       Plaintiff contends that the Appeals Council failed to properly
16  review and evaluate the new medical records from Martin Luther King
17  Medical Center (AR at 159-184), which establish that Plaintiff's
18  impairments are severe in the meaning of step 2 of the sequential
19  evaluation process. (Joint Stip. at 3.) The Court agrees.

20       Plaintiff testified at the administrative hearing to the following
21  symptoms and functional limitations: she has back, bilateral hand and
22  leg pain, as well as arthritis, migraines, hepatitis C and hypertension;
23  she can stand for only 10 to 15 minutes; she can walk only about one-
24  half of a block; and she can only sit for 15 to 20 minutes at a time.
25  (AR at 27-39.) Because there were no medical records to substantiate
26  Plaintiff's claims of pain and functional limitations, the ALJ properly
27  determined at step 2 that Plaintiff did not have any severe impairments,
28  and therefore concluded that Plaintiff was not disabled as defined in

4

1   the Social Security Act. (AR at 14-16.) However, after the

2   administrative hearing, Plaintiff submitted medical records from Martin

3   Luther King Medical (AR at 159-184) to the Appeals Council, which

4   considered the records in deciding whether to review the ALJ's decision.

5   (AR at 1-6.) As noted, review was denied.

6       The Ninth Circuit Court of Appeals recently determined that a

7   district court must consider evidence reviewed by the Appeals Council in

8   determining whether the ALJ's decision was supported by substantial

9   evidence and free from legal error. *See Brewes v. Comm'r of Soc. Sec.*

10   *Admin.*, --- F.3d ---, 2012 WL 2149465, *4 (9th Cir. June 14, 2012)

11   ("When the Appeals Council considers new evidence in deciding whether to

12   review a decision of the ALJ, that evidence becomes part of the

13   administrative record, which the district court must consider when

14   reviewing the Commissioner's final decision for substantial evidence.").

15   The *Brewes* Court also determined that a plaintiff is not required to

16   demonstrate that these later admitted medical records meet the

17   materiality standard of 42 U.S.C. § 405(g)[2] because that standard applies

18   only to new evidence that is not part of the administrative record and

19   is presented in the first instance to the district court. *Id.* at *5.

20   Rather, "evidence submitted to and considered by the Appeals Council is

21   not new but rather part of the administrative record properly before the

22   district court." *Id.*

23   //

24

25   ————————————

26       [2]   Section 405(g) provides in relevant part as follows: "The [district] court may ... at any time order additional evidence to be

27   taken before the Commissioner, ... but only upon a showing that there is new evidence which is material and that there is good cause for the

28   failure to incorporate such evidence into the record in a prior proceeding."

Here, the medical records submitted by Plaintiff and considered by the Appeals Council provide sufficient evidence of a severe impairment within the meaning of the Act. Accordingly, the Commissioner's finding to the contrary is not supported by substantial evidence.

The existence of a severe impairment is demonstrated when the evidence establishes that an impairment has more than a minimal effect on an individual's ability to perform basic work activities. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); 20 C.F.R. §§ 404.1521(a), 416.921(a). The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs," which include physical functions such as walking, standing, sitting, pushing, carrying; capacities for seeing, hearing and speaking; understanding and remembering simple instructions; responding appropriately in a work setting; and dealing with changes in a work setting. 20 C.F.R. § 404.1521(b). The inquiry at this stage is "a de minimis screening device to dispose of groundless claims." *Smolen*, 80 F.3d at 1290 (citing *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)). An impairment is not severe only if it is a slight abnormality with "no more than a minimal effect on an individual's ability to work." *See* SSR 85-28; *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988).

Given the minimal threshold required to show that an impairment is severe, the Commissioner's determination that Plaintiff's impairments are not severe was not supported by substantial evidence. The medical records from Martin Luther King Medical show that Plaintiff was seen on several occasions, complaining of pain in her leg, knee and hand. (AR at 160-184.) Plaintiff's treating physicians opined that her leg pain could be the result of a fracture (AR at 175) and that her hand pain could be caused by hypertension. (AR at 164-166.) It was also noted that testing

6

indicated an "abnormal lateral tibial plateau." (AR at 184.) This medical evidence is sufficient to demonstrate that her physical impairments had more than a minimal effect on her ability to perform work-related functions.

Therefore, in light of the evidence before the ALJ and the additional evidence submitted to the Appeals Council, the Court cannot conclude that the Commissioner's decision is supported by substantial evidence, or that any error was harmless.

## IV.   Conclusion

Because the disability determination terminated at step 2 of the administrative process, an evaluation must be made as to whether Plaintiff can perform her past work or any other work that exists is significant numbers in the economy. Accordingly, the matter is remanded for further proceedings consistent with this opinion and order.

DATED: July 16, 2012


MARC L. GOLDMAN
_____
MARC L. GOLDMAN
United States Magistrate Judge

7